## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SHELTON R. MODELIST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-1677 |
| | § | |
| JUDGE GRAY H. MILLER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

The plaintiff, Shelton R. Modelist, has sued a number of parties, alleging that they violated his constitutional rights. He challenges the 2003 acceleration of the mortgage loan on his home, the 2008 notice of substitute trustee sale of the home, a 2008 federal-court judgment dismissing the lawsuit he filed to prevent the foreclosure, and the 2011 and 2012 actions by Harris County Constables to evict him from the home. Proceeding *pro se*, Modelist alleges that the acceleration, foreclosure, judgment, and eviction violated his constitutional rights. He seeks $200,000 in actual damages and $400,000 in punitive damages against each defendant. He also seeks equitable relief, including an injunction against wrongful taking and rescission of the "void judgment(s)" against him and his property. (Docket Entry No. 1).

This is at least the fifth lawsuit Modelist has filed challenging the adverse rulings and foreclosure proceedings in both federal and Texas state courts. *See Modelist v. Miller*, 4:12-cv-1677 (S.D. Tex. June 4, 2012) (complaint filed in present case); *Modelist v. Hernandez*, 4:11-cv-387 (S.D. Tex. June 22, 2011) (final judgment); *Modelist v. Miller*, 4:10-cv-955 (S.D. Tex. May 10, 2010) (orders granting sanctions of $5,000 and dismissing proceeding); *Modelist v. Accredited Home*

*Lenders Inc.*, 4:08-cv-362 (S.D. Tex. Sept. 4, 2008) (final judgment); *Modelist v. Vestal*, 4:05-cv-1180 (S.D. Tex. Sept. 25, 2007) (final judgment). The Fifth Circuit Court of Appeals has affirmed the district court dismissals, or dismissed the appeals because Modelist failed to prosecute them. *See In re: Shelton R. Modelist* (5th Cir. Feb. 16, 2012) (denying petition for writ of mandamus regarding 05-cv-1180); *Modelist v. Miller*, 10-20432 (5th Cir. Aug. 30, 2011) (affirming the district court's orders granting sanctions and dismissing proceeding in 4:10-cv-955); *Modelist v. Accredited Home Lenders Inc.*, 08-20651 (5th Cir. Nov. 10, 2008) (dismissing appeal of 08-cv-362 for failure to prosecute); *Modelist v. Vestal*, 08-20109 (5th Cir. Oct. 31, 2008) (dismissing appeal of 05-cv-1180 for failure to prosecute).

In *Modelist v. Miller*, 445 F. App'x 737 (5th Cir. Aug. 30, 2011), the Court of Appeals affirmed the district court's dismissal of claims similar to those Modelist asserts in this case. The appellate court's ruling summarizes Modelist's litigation practices:

> [Modelist's] various lawsuits . . . have, at their core, been based on his apparent belief that he should have won the original lawsuit. In this latest lawsuit, that belief takes the form of accusing almost everyone involved in the prior lawsuits of being in a vast and far-flung conspiracy to deprive him of his constitutional rights. The alleged co-conspirators include several state and federal judges and the attorneys for the winning parties.
> . . . .
> Modelist's conspiracy theory is frivolous. Long on invective and virtually devoid of any relevant facts, Modelist's claims fail for various reasons. First, to succeed on his claim, Modelist must relitigate in federal court the validity of prior federal and state court judgments. He is barred from doing so by preclusion principles. *See N.Y. Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000) (noting that a party could only win her state suit by convincing the state court that the earlier federal judgment was in error, and this constituted exactly the type of claim barred by the doctrine of res judicata); *see Royal Ins. Co. of Am. v. Quinn–L Capital Corp.*, 960 F.2d 1286, 1293 (5th Cir. 1992) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not . . .

reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations both subject matter and personal." (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982))).

Modelist seeks money damages from the defendants, some of whom are judges entitled to absolute immunity from such suits for actions taken in their judicial capacity. *See Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir. 1985) ("It is a well established rule that where a judge's absolute immunity would protect him from liability for the performance of particular acts, mere allegations that he performed those acts pursuant to a bribe or conspiracy will not be sufficient to avoid the immunity."). Modelist provides no support for his conclusory assertions that the judges acted in a clear absence of all jurisdiction as required to overcome their absolute immunity. *See id.* at 523 (stating that "[j]udicial immunity does not extend to acts committed with a clear absence of all jurisdiction," but "where the alleged harm, though resulting from a bribe or conspiracy, was inflicted by acts to which absolute immunity would apply, the complaint is insufficient to avoid judicial immunity").FN1  As far as the defendants who are not judges, he provides no facts whatsoever to support a claim that they "corruptly conspired" with a judge, *see Dennis v. Sparks*, 449 U.S. 24, 29, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980); *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 353 (5th Cir. 2003), as necessary to make them state actors for § 1983 purposes. "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis*, 449 U.S. at 28, 101 S. Ct. 183.

> FN1. Although "[j]udicial immunity does not extend to actions for equitable and declaratory relief under section 1983," *Holloway*, 765 F.2d at 525 (citing *Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)), Modelist's conclusory assertions of conspiracy are without factual support.

Ultimately, Modelist failed to provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and the district court did not err in dismissing his claim. *See Arsenaux v. Roberts*, 726 F.2d 1022, 1023–24 (5th Cir. 1982) (affirming dismissal of § 1983 claim based on an alleged conspiracy between a lawyer and

> judge to secure a divorce, as "[t]he conspiracy allegations made by [the plaintiff] were conclusory, and more than a blanket of accusation is necessary to support a § 1983 claim"). However much Modelist sincerely believes that he should not have lost the first lawsuit, this relentless and repetitive litigation must end.

*Modelist v. Miller*, 445 F. App'x at 739–40. The appellate court affirmed the district court's imposition of sanctions against Modelist and denied him leave to proceed *in forma pauperis*.

In this lawsuit, Modelist pursues similar claims for relief based on similar conspiracy theories against defendants he has previously, repeatedly, and unsuccessfully sued. The defendants in this suit are the Bank of America; Lindsay Lambert, Rex Kessler, and Barrett Daffin Frappier Turner & Ingel, LLP (lawyers involved in the mortgage-note acceleration and in representing defendants in one or more of the prior suits Modelist filed arising from the same events); Judge Gray Miller (the federal district judge who presided over several of Modelist's prior federal-court suits arising from the same events); Linda Storey (a state court judge involved in one of the prior suits); and May Walker and R. McClinton (the Harris County constables involved in evicting Modelist).

The allegations in this case are clearly deficient for many of the reasons identified by the appellate court in the opinion quoted above. The final judgments issued in the prior related cases bar the claims under either claim[1] or issue preclusion.[2] The claims asserted in this case are against

---

[1] Claim preclusion operates in two ways: (1) it bars claims that were brought and decided in a prior litigation; and (2) it bars all other claims relating to the same transaction against the same defendant that could have been brought at that time. *See U.S. ex rel. Laird v. Lockheed Martin Eng'g and Sci. Servs. Co.*, 336 F.3d 346, 357 (5th Cir. 2003). Claim preclusion "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 934 (5th Cir. 1999) (citing *Super Van Inc. v. San Antonio*, 92 F.3d 366, 370 (5th Cir. 1996)). A prior judgment forecloses relitigation of "the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Claim preclusion bars a subsequent action if the following four requirements are met: (1) the parties are identical; (2) there was a final judgment on the merits; (3) the final judgment was rendered by a court of competent jurisdiction; and (4) the same claim or cause of action is involved in both suits. *See Southmark,* 163 F.3d at 934 (citing *Swate v. Hartwell,* 99 F.3d 1282, 1286 (5th Cir. 1996)); *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 664–65 (5th Cir.

parties who were also parties to prior lawsuits Modelist filed challenging the actions that resulted in the acceleration of his mortgage note, the foreclosure, and the sale. Because final judgments of dismissal were entered in these prior suits, the claims in this case against the same parties Modelist previously sued are barred by claim preclusion, or *res judicata*. For example, Modelist's claims in this lawsuit against Aames Funding Corporation, Lindsey Lambert and Rex Kesler, and Judge Gray Miller, all named as defendants in Modelist's prior similar suits, are barred by claim preclusion. The prior federal case Modelist filed resulted in a jury and the judge deciding that the mortgage loan had been properly accelerated and the foreclosure and sale were valid. As a result, the federal claims for constitutional violations based on the illegality of the acceleration and foreclosure sale are barred by issue preclusion.

In addition, the claims against the judicial officers are barred by absolute judicial immunity, and the claims against the constables are barred by quasi-judicial absolute immunity.[3] The allegations in the complaint make it clear that judicial absolute immunity covers the challenged judicial decisions and actions and that quasi-judicial absolute immunity covers the challenged actions of the deputy constables in executing the facially valid federal court judgment.

---

1994).

[2] "Collateral estoppel applies to bar litigation of an issue previously decided in another proceeding by a court of competent jurisdiction when four conditions are met: (1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine." *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1421–22 (5th Cir. 1995) (citation omitted).

[3] Modelist alleges that the constables acted pursuant to a writ of execution that was issued based on the judgment the federal court entered. Police officers, sheriffs, and other court officers who act in reliance on a facially valid court order are entitled to quasi-judicial immunity from suit under § 1983 for damages. *See, e.g.*, *Tymiak v. Omodt*, 676 F.2d 306, 308 (8th Cir. 1982) (sheriff acting pursuant to state court order immune from § 1983 suit for damages); *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981) (court clerks entitled to absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at judge's direction).

If the plaintiff had both a fair opportunity to make his case and notice of the deficiency of his complaint, the court may dismiss the claim on its own . *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007); for failure to state a claim. *Hornbuckle v. Mass. Mut. Life Ins. Co.*, 399 F. App'x 863, 864 (5th Cir. 2010). If the complaint is frivolous and amendment would be futile, the court need not give leave to amend but may dismiss with prejudice. *See* 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'") (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

Modelist had ample notice that his suit is frivolous. The complaint is dismissed with prejudice, because amendment would be futile. Modelist is specifically warned that his repeated filing of motions that raise issues and arguments already ruled on may result in the imposition of monetary or other sanctions, including an order preventing Modelist from filing any further suits, motions, or pleadings without seeking and obtaining permission from the judge in advance.

SIGNED on October 16, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge